**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHELLE C. HONSE,
              Appellant,

      v.

DEPARTMENT OF VETERANS
     AFFAIRS,
              Agency.

DOCKET NUMBER
SF-1221-20-0294-W-1

DATE: July 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michelle C. Honse</u>, Anaheim, California, pro se.

<u>Thomas Davis</u>, Esquire, Los Angeles, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

Under 5 U.S.C. § 1214(a)(3)(A), an appellant may file an IRA appeal with the Board once the Office of Special Counsel (OSC) closes its investigation into her complaint and no more than 60 days have elapsed since notification of the closure was provided to her. *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 6 (2014). Under the Board's regulations implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt. *Id.*

The appellant received OSC's close-out letter on December 9, 2019, and she did not file a Board appeal until February 28, 2020. Initial Appeal File (IAF), Tab 1 at 1, 20-21. As the administrative judge found, her appeal was thus filed 81 days after OSC's close-out letter, and beyond the deadline to timely file an appeal. IAF, Tab 23, Initial Decision (ID) at 7-8. Without providing any supporting arguments or evidence, the appellant on review alleges that she had 2 years to contact OSC after being subject to a disciplinary action, and that

therefore the administrative judge erred in not adjudicating her IRA appeal. Petition for Review (PFR) File, Tab 1 at 4-5. However, the statutory language is clear that a Board appeal must be filed "no more than 60 days" after an appellant receives OSC's close-out letter. 5 U.S.C. § 1214(a)(3)(A)(ii). Indeed, OSC's close-out letter here clearly gave the appellant notice of the time limit to file an IRA appeal. IAF, Tab 6 at 4. Accordingly, we agree with the administrative judge that the appellant's IRA appeal was untimely.

Notwithstanding the implementing provisions of 5 C.F.R. § 1209.5(a), the filing period for an IRA appeal is statutory, not regulatory. *Heimberger*, 121 M.S.P.R. 10, ¶ 9. As such, the statutory time limit for filing an IRA appeal cannot be waived for good cause shown because there is no statutory mechanism for doing so. *Id.* However, the filing deadline might be subject to equitable tolling, under which the filing period is suspended for equitable reasons, such as when the complainant has been induced or tricked by her adversary's misconduct into allowing the deadline to pass. *Id.*, ¶ 10. Equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the litigant has been pursuing her rights diligently and some extraordinary circumstances stood in her way. *Id.*

The appellant's arguments on review do not provide a basis for disturbing the administrative judge's finding that there is no basis to toll the deadline for filing the appeal. In her petition for review, the appellant asserts that she is "[s]ocioeconomically disadvantaged," does not "have access to Wi-Fi," and "could not mail anything in because the [Board] was not receiving anything by mail" due to the Covid-19 pandemic. PFR File, Tab 1 at 4. The administrative judge found that the appeal here pre-dated the shelter-in-place orders that limited her access to the Board's e-Appeal system and other resources. ID at 7. We agree. Regardless of any subsequent difficulties in accessing the Board's e-appeal system or mailing options, the appellant has not demonstrated any extraordinary circumstances that hindered her ability to file a timely appeal. *See*

*Brown v. U.S. Postal Service*, 110 M.S.P.R. 381, ¶¶ 6, 12 (2009) (finding equitable tolling does not extend to "garden variety" excusable neglect, and that an appellant's lack of due diligence in preserving her legal rights is not a ground for equitable tolling).

The appellant on review also requests that the Board appoint counsel to assist her with her appeal, as she is "severely depressed" and "100% disabled with emotional disturbances." PFR File, Tab 1 at 4-5. The Board has procedures under which an administrative judge may seek to arrange pro bono representation for incompetent appellants. *Brown v. Office of Personnel Management*, 94 M.S.P.R. 331, ¶ 9 (2003). However, the procedures for arranging such representation only apply to disability retirement applications or disability retirement annuity overpayments. *Id.* at ¶¶ 9-10. There is no mechanism to arrange representation for a disabled appellant in IRA appeals.

Finally, following the close of the record on review, the appellant has filed two motions for leave to submit new documents. PFR File, Tabs 9, 12. She indicates that the documents concern various other claims and complaints before a district court, the Department of Labor, the U.S. Circuit Court of Appeals for the Ninth Circuit, and the Federal Labor Relations Authority. PFR File, Tabs 9, 12. She also makes arguments as to the merits of her appeal. PFR File, Tabs 9, 12. However, these documents and arguments appear to concern the agency's alleged mistreatment of the appellant, and she has not indicated how they affect the timeliness of her initial appeal in the instant case. Accordingly, we deny her motions. *See* 5 C.F.R. § 1201.114(k); *see also Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 3, ¶ 4 n.4 (2014) (denying an appellant's motion to file additional evidence after the close of the record because the appellant had not shown that the alleged new evidence was material to the dispositive jurisdictional issues).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.